# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY BURNS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 13-cv-7187 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the motion to dismiss Plaintiffs' second amended complaint [50] filed by Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC-C") and the motion to dismiss and strike Plaintiffs' second amended complaint [51] filed by Defendant Federal Deposit Insurance Corporation, as Receiver of Covenant Bank ("FDIC-R"). For the reasons set forth below, the Court grants the motion to dismiss [50] filed by the FDIC-C. The Court grants in part and denies in part the motion to dismiss and strike Plaintiffs' second amended complaint [51] filed by the FDIC-R. Specifically, the Court dismisses the claims against the FDIC-R, but denies the FDIC-R's motion to strike Plaintiffs' second amended complaint as moot. The Court gives any real party in interest until March 13, 2018 to appear in this case and to file a motion for leave to file an amended complaint if any such party believes that the deficiencies identified below can be cured. If no such motion is filed by that date, this case will be dismissed and a final judgment will be entered.

I.  **Background**[1]

Plaintiffs Mary Burns and Bob Burns—both now deceased—owned Mama's House Restaurant located in Chicago, Illinois. [48, at ¶6.] In May of 2001, the Community Bank of Lawndale (the "Bank")[2] sent Plaintiffs letters indicating that two of Plaintiffs' loans were in default and demanding that Plaintiffs cure the default immediately. *Id*. at 71. During this same time period, the Federal Deposit Insurance Company ("FDIC") and the Office of Banks and Real Estate ("OBRE") were investigating the Bank for—among other things—unsafe banking practices and bookkeeping. *Id*. at ¶7. Plaintiffs, the FDIC, the OBRE, and the Small Business Administration ("SBA") requested Plaintiffs' payment histories from the Bank, but this information was never provided. *Id*. at ¶8. On September 10, 2001, the Bank sent Plaintiffs a letter indicating that their payment dated August 21, 2001 was being returned because the account was seriously past due and had been assigned for legal action. *Id*. at 75. Pursuant to the terms of the Note, the Bank also elected to demand payment of the entire balance of the loan. *Id*. at 76. As a result of the Bank's foreclosure efforts, Mary Burns was forced to close her restaurant. *Id*. at ¶10.

On June 25, 2003, Plaintiffs filed a lawsuit against the Bank in the Circuit Court of Cook County, Illinois, bringing claims of intentional infliction of emotional distress, breach of contract and accounting, defamation, interference with prospective advantage, and consumer fraud. *Id*. at 102-16. The Bank filed a counterclaim to foreclose the mortgages. *Id*. at 132-38. Around the

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] The second amended complaint alleges that International Bank acquired Community Bank and that Covenant Bank later acquired International Bank. [48, at ¶66] Covenant Bank failed and was placed in an FDIC-managed receivership on February 15, 2013. [*Id*.] For ease of reference, the Court adopts the second amended complaint's use of the term "Bank" to refer collectively to Community Bank of Lawndale and its successors.

same time that Plaintiffs initiated the state court lawsuit, the FDIC issued a cease and desist order to the Bank regarding its allegedly unsafe and unsound banking practices. *Id*. at 87-101.

During the February 18, 2010 deposition of the Bank's President John Sorensen, Mr. Sorensen admitted that over $30,000 in payments were not reflected in the Bank's payment histories for Plaintiffs' accounts. *Id*. at ¶¶26-30. Still, based on affidavits submitted by the Bank, the state court granted the Bank's motion for summary judgment on October 1, 2012. *Id*. at ¶¶33-34. The state court also denied Plaintiffs' motion to reconsider and/or for leave to file an amended complaint on February 15, 2013. *Id*. at ¶35. On March 11, 2013, Plaintiffs filed a notice of appeal to the Illinois Appellate Court. [50-1, at 3.][3] On December 31, 2014, the Appellate Court affirmed the trial court's decision. [*Id*. at 2.] The Appellate Court also denied Plaintiffs' petition for rehearing. [50-2, at 2.] On May 27, 2015, the Supreme Court of Illinois denied Plaintiffs' petition for leave to appeal. [50-3, at 2.] And on December 14, 2015, the Supreme Court of the United States denied Plaintiffs' petition for a writ of certiorari. [52, at 23.]

While Plaintiffs' appeals were pending, Plaintiffs also challenged the state court foreclosure action with the FDIC and then in this Court. On February 15, 2013, the FDIC took over ownership of the Bank. *Id*. at 11, ¶36. Marilyn Burns filed an initial proof of claim with the FDIC on behalf of Mary Burns [52, at 25], but the FDIC requested additional information supporting her claim. *Id*. at 27. On June 29, 2013, Marilyn Burns filed an updated proof of claim, providing additional information as requested. [52, at 25.] The FDIC sent Mary Burns a notice of disallowance of claim on August 8, 2013, informing her that her claim was being

---

[3] To the extent the Court references facts not alleged in Plaintiffs' second amended complaint or documents not attached to Plaintiffs' second amended complaint, the facts are referenced either as background or as relevant to the Court's jurisdictional analysis. In determining whether the Court has jurisdiction to hear claims, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

disallowed as not proven to the satisfaction of the Receiver. [48 at 265.] The notice of disallowance provided that Mary Burns may file a lawsuit within 60 days after the date of the notice if she disagreed with the decision of the Receiver. *Id*. There are no allegations or evidence indicating that Bob Burns ever filed a proof of claim with the FDIC.

On October 7, 2013, Marilyn Burns filed this lawsuit on behalf of Plaintiffs bringing claims against the FDIC and various banks[4] relating to loan payments that allegedly were never credited to Plaintiffs' accounts, resulting in thousands of dollars in losses and the closure of their business. [See 1.] Although Bob Burns was listed as a Plaintiff in the caption of the original complaint, he was deceased at the time the original complaint was filed. *Id*. at 1. Mary Burns passed away on June 21, 2016. [29, at 1.]

On September 15, 2016, Marilyn Burns filed a motion to amend the complaint to add Mary Burns' estate as the Plaintiff in this case, *id*., which the Court granted. [32.] On November 10, 2016, Marilyn Burns filed a first amended complaint purportedly on behalf of Plaintiffs' estates [34], which the FDIC-C and the FDIC-R (collectively, the "Defendants") moved to dismiss after being served. [37.] Among other arguments, Defendants argued that Plaintiffs' claims should be dismissed because no real party in interest had appeared on behalf of the deceased Plaintiffs. [37, at 6; 45, at 2.] Marilyn Burns did not respond to Defendants' motions to dismiss their second amended complaint. Instead, on January 19, 2017, Marilyn Burns orally moved for leave to file a second amended complaint. [47.] The Court granted her oral motion, giving her until February 21, 2017 to file a second amended complaint, which she did. [48.] Defendants again moved to dismiss the second amended complaint. [50; 51]. Pending before the Court are the motion to dismiss Plaintiffs' second amended complaint [50]

---

[4] Although Plaintiffs name additional banks as Defendants in this case, only two Defendants have been served and have appeared—the FDIC in its corporate capacity and the FDIC as the Receiver. [See 35; 36; 40-42.] For purposes of this Order, the Court therefore focuses on the allegations relevant to those entities.

4

filed by Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC-C") and the motion to dismiss and strike Plaintiffs' second amended complaint [51] filed by Defendant Federal Deposit Insurance Corporation, as Receiver of Covenant Bank ("FDIC-R").

## II. Legal Standard

The standard that the Court applies to a Federal Rule of Civil Procedure Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See *Apex Digital,* 572 F.3d at 443–44; *United Phosphorus*, 322 F.3d at 946. In ruling on the motion, the district court also may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 136 F. Supp. 3d 952, 958 (N.D. Ill. 2015). Therefore, in ruling on Defendants' motions, the Court will consider both the allegations in Plaintiffs' second amended complaint and the documents attached to Defendants' motions. The burden of proof is on the party asserting that jurisdiction exists—here, Plaintiffs. *Id.*; see also *Gonzalez v. Bank of Am., N.A.*, 2014 WL 26283, at *2 (N.D. Ill. Jan. 2, 2014) ("the plaintiff bears the burden of establishing the basis for the court's jurisdiction").

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with

Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

## III.    Analysis

The FDIC-C filed a motion to dismiss Plaintiffs claims, arguing that (1) no real party in interest has appeared in place of the deceased Plaintiffs, (2) the *Rooker-Feldman* doctrine bars federal jurisdiction over the claims raised in the second amended complaint, (3) the claims asserted in the second amended complaint are barred by issue preclusion, (4) the claims asserted in the second amended complaint are not cognizable under the Federal Tort Claims Act, (5) Counts IV and V fail to state a claim under Illinois law, and (6) Counts VI through XIII fail to state a claim under federal law.

The FDIC-R filed a motion to dismiss joining these arguments and additionally arguing that (1) Plaintiffs failed to serve process on the FDIC-R during its receivership of Covenant Bank, (2) Counts II through XIII must be dismissed for failure to exhaust administrative remedies, and (3) Counts I, III, and VII-XII should be dismissed for failure to state a claim. The FDIC-R also moved to strike Plaintiffs' (1) demand for punitive damages and civil penalties, (2) demand for preliminary and permanent injunctive relief, and (3) demand for a constructive trust.[5]

Although Plaintiffs filed a response to Defendants' motions to dismiss, Plaintiffs fail to adequately respond to the arguments raised by Defendants. Plaintiffs do not cite to a single case in their entire response to Defendants' motions to dismiss.[6] It is not the duty of the court to make parties' arguments for them. See *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995); see also *Heft v. Moore*, 351 F.3d 278, 284 (7th Cir. 2003) ("The failure to cite cases in support of an argument waives the issue on appeal." (citations omitted)).

In any event, as discussed in more detail below, the Court concludes that Plaintiffs' claims should be dismissed. As a preliminary matter, no real party in interest has appeared on behalf of Plaintiffs. Both named Plaintiffs are deceased, and Marilyn Burns has not alleged facts sufficient to establish that she has standing to sue on behalf of Plaintiffs' estates. The Court will give any real party in interest until March 13, 2018 to file an appearance and request leave to

---

[5] Defendants also raise a number of other grounds for dismissal. Because the Court concludes that Plaintiffs' claims should be dismissed under Rule 8(a) and Rule 12(b)(1), the Court need not address Defendants' alternative grounds for dismissal, or the FDIC-R's motion to strike.

[6] It is unclear whether Plaintiffs are proceeding *pro se* or are represented by counsel. Marilyn Burns has only filed a *pro se* appearance in this matter. [3.] But she has also represented that she is the attorney for Plaintiffs. Regardless, she is a licensed attorney in the state of Illinois. See https://www.iardc.org/lawyersearch.asp (search last name field for Burns and search first name field for Marilyn). As such, she is expected to fully and adequately present her claims in compliance with the Federal Rules of Civil Procedure and other applicable requirements.

ratify, join, or be substituted into the action via a motion for leave to file an amended complaint.[7] As the case presently stands, however, the Court concludes that Plaintiffs' claims must be dismissed. Counts VI-XIII are dismissed under Rule 8(a)(2), as these claims are unintelligible. Counts I-V are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, as these claims are barred by the *Rooker-Feldman* doctrine and—with respect to the FDIC-R—are barred by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

### A. Real Party In Interest

Defendants move to dismiss Plaintiffs' entire second amended complaint, arguing that no real party in interest has appeared as a Plaintiff. Federal Rule of Civil Procedure 17(a)(1) provides that every lawsuit must "be prosecuted in the name of the real party in interest." The purpose of the rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17(a) advisory committee's note to 1966 amendment.

Illinois law governs who may bring claims on behalf of Plaintiffs' estates. *Akbar v. Calumet City*, 632 F. App'x 868, 871 (7th Cir. 2015); see also *Warner/Elektra/Atl. Corp. v. Vill. of Bensenville*, 1989 WL 91773, at *4 (N.D. Ill. Aug. 4, 1989) ("Rule 17(a) requires federal courts to look to state substantive law to determine which persons, as real parties in interest, may sue in their own names in federal court." (citation omitted)). Under Illinois law, only a representative or administrator of a decedent's estate may bring a cause of action on behalf of an estate. *Will v. Northwestern Univ.*, 881 N.E.2d 481, 492-93 (Ill. App. Ct. 2007) (holding that only a representative or administrator of an estate has standing to bring a survival action); see

---

[7] Although the Court is giving any real party in interest an opportunity to file an amended complaint, the Court cautions any such party to consider whether "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

also *Wilmere v. Stibolt*, 504 N.E.2d 916, 918 (Ill. App. Ct. 1987) (holding that "only the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent").

Under Federal Rule of Procedure 17(a)(3), the court may only dismiss an action for failure to prosecute in the name of the real party of interest after an objection if "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); see also *Akbar*, 632 F. App'x at 871 (concluding that mother lacked authority to represent her son's estate when she was "not at the time of filing, and never became, the legally appointed administratrix of" of his estate and recognizing that the district court could have dismissed the action under Rule 17(a)(3) if the real party in interest had not been ratified, joined, or substituted into the action).

Here, the amended complaint alleges that both Plaintiffs are deceased. [48, at ¶63.] Although Marilyn Burns seeks to sue on behalf of Plaintiffs' estate, Marilyn Burns has not established that she has standing to sue on behalf of Plaintiffs' estates.[8] Specifically, she does not allege that she is the estate's executor, administrator, or that she is otherwise a legal representative of Plaintiffs' estates. In her response to Defendants' motions to dismiss, Marilyn Burns represents that she "was the primary full time and sole care giver [*sic*]" to both of the deceased Plaintiffs and states that she "is respectfully requesting equitable protection and leniency in the hope of a resolution of this matter." [53, at 15.]

Although the Court has equitable powers, the Court nonetheless must act within the bounds of the law. The Court is not free to ignore the fact that there is nothing before the Court establishing that Marilyn Burns is the real party in interest in this matter. The fact that Marilyn

---

[8] To be clear, the Court here is referring to standing under Rule 17(a), which "should not be confused with jurisdictional doctrine of standing." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008).

Burns was the primary caregiver to her parents is not enough to establish that she legally has standing to sue on behalf of her parents' estates. *Hunter v. Pepsico, Inc.*, 631 F. App'x 445, 446 (7th Cir. 2015) (holding that allegation that plaintiff was an heir of decedent did not give plaintiff "standing to sue on behalf of the estate's interests" (citations omitted)). Thus, the Court agrees that Marilyn Burns has not established that she has standing to sue on behalf of Plaintiffs' estates. Although it is not necessary for a plaintiff to submit documentary evidence establishing that she is the real party in interest, a plaintiff must at least allege facts sufficient to show that she is the real party in interest. *Llano Fin. Grp., LLC v. Smith*, 2016 WL 4063174, at *7 (N.D. Ill. July 29, 2016) (discussing how Federal Rule of Civil Procedure 8(a) requires that a plaintiff plead factual details sufficient to show that the party bringing the action is the real party in interest).

The Court has allowed a reasonable time for any real party in interest to ratify, join, or be substituted into the action. On September, 15, 2016, Marilyn Burns filed a motion requesting leave to amend the complaint to add Plaintiffs' estates as a party [29], which the Court granted. [32.] Marilyn Burns filed a first amended complaint on November 10, 2016. [34.] However, the first amended complaint did not allege facts establishing that Marilyn Burns was the administrator or executor of a Plaintiffs' estates. Accordingly, the FDIC-C filed a motion to dismiss Plaintiffs first amended complaint on January 4, 2017, raising—among other arguments—the argument that Plaintiffs claims should be dismissed under Rule 17(a)(3) because no real party in interest had appeared as required by Rule 17(a)(1). [See 37, at 6.]

Instead of responding to the motion to dismiss, Marilyn Burns orally moved for leave to file a second amended complaint. [47.] The Court gave her until February 21, 2017 to file a second amended complaint, which she did. [48.] Although the second amended complaint

10

alleges that Plaintiffs' estates are the present Plaintiffs, Marilyn Burns does not allege facts showing that she has legal authority to represent Plaintiffs' estates. [*Id.* at ¶ 63.] Defendants again moved to dismiss Plaintiffs' second amended complaint, again raising the argument that Plaintiffs' claims should be dismissed under Rule 17(a)(3) because no real party in interest had appeared as required by Rule 17(a)(1). Still, Marilyn Burns has not shown that she has authority to act on behalf of Plaintiffs' estates. Although the Court has already allowed a reasonable time for the real party in interest to ratify, join, or be substituted into the action, the Court will give any such party until March 13, 2018 to file an appearance and request leave to ratify, join, or be substituted into the action through a motion for leave to file an amended complaint.

### B. Pleading Standard

Absent a real party in interest, Plaintiffs' existing claims are subject to dismissal. With respect to Counts VI-XIII, Plaintiffs allegations are unintelligible. Instead of pleading a claim for relief, Plaintiffs merely reference various federal statutes or provide background information about their enactment and/or legislative purpose. Defendants moved to dismiss these claims for failure to state a claim, noting that Plaintiffs fail to follow pleading requirements and that Plaintiffs' allegations are indiscernible. [50, at 27-28; 52, at 7.] Because the allegations in Counts VI-XIII fail to comply with the requirements of Rule 8(a)(2), the Court dismisses Counts VI-XIII without prejudice.[9]

### C. *Rooker-Feldman* Doctrine

With respect to Counts I-V, the Court concludes that these claims are barred by the *Rooker-Feldman* doctrine. Pursuant to the "*Rooker–Feldman* doctrine," which takes its name

---

[9] The Court notes that it may dismiss unintelligible claims raised in any third amended complaint with prejudice. *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) ("The complaint is unintelligible, and it was not an abuse of discretion for the district court to dismiss the case with prejudice after the plaintiffs failed to cure the deficiencies.").

from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), lower federal courts such as this one do not have the authority to hear cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Further, the Seventh Circuit has clarified that "'[w]hile the *Rooker–Feldman* doctrine bars federal subject matter jurisdiction over issues raised in state court, and those inextricably intertwined with such issues, 'an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings.'" *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534–35 (7th Cir. 2004) (quoting *A.D. Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002)).

Here, Plaintiffs' claims all are based on allegations that (1) the state court foreclosure was improper, (2) Defendants committed fraud on the Court by misrepresenting facts in the foreclosure action, and/or (3) Plaintiffs were wrongfully not credited for approximately $30,000 in payments that were allegedly not reflected on the payment histories for the relevant loans. These issues were actually raised in the state court proceeding or are inextricably intertwined with issues raised in state court proceeding.

A closer examination of the allegations in the second amended complaint demonstrates this point. For example, Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices

Act[10] claim (Count III) is based on the allegation that Defendants "conduct in providing false representations to the Court in support" of the foreclosure action "was and is unfair." [48, at ¶93.] Plaintiffs' abuse of process claim (Count IV) is based on the allegation that Defendants "engaged in repeated abuses of process when they misused individual legal procedures in actions for foreclosure." [48, at ¶102.] Similarly, Plaintiffs' fraud on the court claim (Count V) is based on the allegation that the affidavits Defendants filed in support of summary judgment contained false and misleading information. [48, at ¶110.]

Because Plaintiffs essentially are asking the Court to find that the judgment of foreclosure entered by the state court was procured by the misconduct, fraud, and deceptive acts of Defendants, these claims are barred by the *Rooker-Feldman* doctrine. See *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) (holding that *Rooker-Feldman* doctrine barred action based on claim that "a fraud was perpetrated on the state court that granted the judgment of foreclosure"); *Frances v. Fed. Nat. Mortg. Ass'n*, 2014 WL 2109892, at *1 (N.D. Ill. May 20, 2014) (holding that *Rooker-Feldman* doctrine barred Plaintiffs' wrongful foreclosure, fraudulent misrepresentation, and deceptive business practices claims when the "gist" of plaintiff's claims was that the judgment of foreclosure entered by the state court was procured by the misconduct, fraud, and deceptive acts of defendant).

Although Plaintiffs argue that they are not seeking to relitigate issues from the state court proceeding, [53, at 10], the requested relief demonstrates that Plaintiffs are seeking to undue the state court foreclosure action. Under the *Rooker-Feldman* doctrine, the Court has no jurisdiction

---

[10] The FDIC-R also moves to dismiss Count III on the ground that there is no Illinois statute known as the "Illinois Unfair Trade Practices Act." [52, at 15.] In their response, Plaintiffs request an amendment to the title of the claim in the amended complaint, indicating that Plaintiffs actually intend to bring claims under the Illinois Fraud and Deceptive Practices Act. [53, at ¶6.] Because plaintiffs in federal court are not required to plead legal theories, Plaintiffs' citation to the wrong statute in their second amended complaint is not fatal to their claims. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (citations omitted).

over such claims. *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533-34 (7th Cir. 2004) (claim seeking the recovery of plaintiff's foreclosed home plus interest and punitive damages was "tantamount to a request to vacate the state court's judgment of foreclosure" and thus was barred by *Rooker-Feldman*); *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 826 (7th Cir. 1999) (*Rooker-Feldman* applied where the plaintiff requested the monetary value of a revoked liquor license, which would "effectively reverse the state court judgment upholding the revocation of the liquor license"); see also *Balogh v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 5890878, at *5 (N.D. Ill. Nov. 28, 2017) ("But ordering a return of his house or the money paid for it would directly contradict the foreclosure judgment, so *Rooker-Feldman* bars that form of relief too."); *Frances v. Fed. Nat. Mortg. Ass'n*, 2014 WL 2109892, at *1 (N.D. Ill. May 20, 2014) ("All of her claimed damages flow from entry of the foreclosure judgment; she alleges no injury that is independent of the operation of the judgment of foreclosure. As such, her claims in this case would effectively invite this Court to invalidate, or negate, the state court judgment and are therefore barred by *Rooker–Feldman*.").

The Court recognizes that Plaintiffs claims against the FDIC would not be barred by the *Rooker-Feldman* doctrine if Defendants' alleged misconduct resulted in injuries separate and apart from the state court judgment. See, *e.g., Dye v. Ameriquest Mortg. Co.*, 289 F. App'x 941, 943 (7th Cir. 2008) (holding that Truth in Lending Act claim relating to claimed injuries occurring six months before state court foreclosure proceeding even commenced was not barred by the *Rooker-Feldman* doctrine). Based on the relief sought by Plaintiffs, however, it is clear that Plaintiffs are challenging injuries stemming from the state court proceeding—namely the foreclosure of Plaintiffs' property and the inaccurate accounting of the payments made on the mortgages on Plaintiffs' property.

14

Counts I-V therefore are dismissed without prejudice for lack of jurisdiction. *Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017) ("A dismissal pursuant to *Rooker-Feldman* must therefore be without prejudice.").

### D. Failure to Exhaust Administrative Remedies

The FDIC-R also argues that this Court lacks subject matter jurisdiction to hear claims not raised by Plaintiffs in the proof of claim Mary Burns filed with the FDIC. "The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") divests courts of jurisdiction over any claim involving an act or omission of a depository institution placed in receivership by the FDIC until the claimant has exhausted his administrative remedies." *Mains v. Citibank, N.A.*, 852 F.3d 669, 678–79 (7th Cir. 2017) (citing 12 U.S.C. § 1821(d)(13)(D)); *Farnik v. FDIC*, 707 F.3d 717, 720–21 (7th Cir. 2013). Thus, FIRREA requires any party wishing to pursue a claim against a failed institution or its assets to present that claim to the receiver. Where the receiver is the FDIC, that means exhausting the FDIC's administrative remedies before presenting the claim in federal court:

> The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), contains a general jurisdiction-stripping provision barring courts from reviewing claims seeking payment from, or a determination of rights to, the assets of failed banks for which the FDIC has been appointed receiver. A limited exception permits judicial review of claims disallowed by the FDIC, but only if the claimant files suit within 60 days of the date the FDIC issues its notice of disallowance.

*Miller v. FDIC*, 738 F.3d 836, 838 (7th Cir. 2013) (internal citations omitted); see also *Farnik v. FDIC*, 707 F.3d 717, 722 (7th Cir. 2013) ("Courts lack authority to review FIRREA claims 'relating to any act or omission' of a failed bank or of the FDIC as receiver of a failed bank unless they are first subjected to FIRREA's administrative claims process." (quoting 12 U.S.C. §

1821(d)(13)(D)(ii))). "[T]he requirement to exhaust administrative remedies applies to each claim a plaintiff may have." *Westberg v. FDIC*, 926 F. Supp. 2d 61, 70 (D.D.C. 2013).

"The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013) (citing H*art v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006)). Here, there is no indication that Bob Burns submitted a proof of claim to the FDIC. Thus, the Court lacks subject matter jurisdiction to hear any claims Bob Burns seeks to bring against the FDIC-R. The proof of claim submitted by Mary Burns did not provide the FDIC-R with fair notice of the legal theories or causes of action raised in Counts II through V.[11] Accordingly, under FIRREA, the Court lacks subject matter jurisdiction to hear these claims as they pertain to Mary Burns.

## IV. Conclusion

For the reasons explained above, the Court grants the motion to dismiss [50] filed by the FDIC-C. The Court grants in part and denies in part the FDIC-R's motion to dismiss and strike Plaintiffs' second amended complaint [51]. Specifically, the Court dismisses the claims against the FDIC-R, but denies the FDIC-R's motion to strike Plaintiffs' second amended complaint as moot. The Court gives any real party in interest until March 13, 2018 to appear in this case and to file a motion for leave to file an amended complaint if any such party believes that the deficiencies identified above can be cured. If no such motion is filed by that date, this case will be dismissed and a final judgment will be entered.

---

[11] With respect to Counts II-V, the proof of claim submitted by Mary Burns does not mention causes of action such as constructive trust, unfair trade practices, abuse of process, or fraud on the court. [52, at 29-43.] With respect to Counts VI-XIII, Plaintiffs claims are unintelligible. The Court therefore is unable to say with certainty whether the Court lacks subject matter jurisdiction to hear these claims with respect to the FDIC-R. However, given that the proof of claim submitted by Mary Burns does not cite to most, if not all, of that statutes referenced in these counts, the Court doubts that it has subject matter jurisdiction to hear any of these claims with respect to the FDIC-R.

Dated: February 15, 2018         _____
                                 Robert M. Dow, Jr.
                                 United States District Judge